NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2879
_____

UNITED STATES OF AMERICA

v.

MICHAEL ILUONOKHALUMHE,
                                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
No. 1-10-CR-00316-001
District Judge: Hon. Renee M. Bumb
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 11, 2019
_____

Before: HARDIMAN, PORTER, and COWEN,
*Circuit Judges.*

(Filed: August 21, 2019)

_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

PORTER, *Circuit Judge*.

Michael Iluonokhalumhe appeals from the District Court's order revoking his supervised release and imposing a 14-month sentence of imprisonment consecutive to any term of imprisonment he was then serving. Finding no error in the District Court's order of revocation and sentence, we will affirm.

I

In 2010, Iluonokhalumhe was convicted of conspiracy to commit bank fraud and sentenced to 18 months' imprisonment followed by 60 months of supervised release. In 2012, he violated the terms and conditions of his supervised release and received additional prison time and supervised release. In 2015, he again violated his supervised release. He was referred for in-house drug treatment and later that year received a formal letter of reprimand from the District Court. Then, in 2016, the probation office alleged that he violated the terms and conditions of his supervised release yet again by committing new crimes, failing to maintain lawful employment, and failing to repay his restitution. The new crimes arose in New Jersey, where Iluonokhalumhe was charged with possessing heroin and crack cocaine, and distributing, dispensing, or possessing with the intent to distribute controlled substances within 1,000 feet of a school.

In March 2017, Iluonokhalumhe moved to dismiss the violations, claiming that he had paid his restitution, obtained lawful employment, and was eligible to participate in New Jersey's drug-court program. He argued that participation in the drug-court program would be enough to address his violation for committing new crimes. After he renewed his motion in December, the District Court denied it. The adjudication of

2

Iluonokhalumhe's New Jersey charges was completed on March 28, 2018, and his revocation hearing took place the following month, on April 23, 2018. At that hearing, the Government moved to dismiss the second and third alleged violations after confirming Iluonokhalumhe's compliance with those conditions and moved forward with the charge that he had committed new crimes. Based on Iluonokhalumhe's certified judgment of conviction from New Jersey, the District Court found that he had violated his supervised release and so revoked it.

Sentencing was postponed at Iluonokhalumhe's request. Although initially remanded to custody to await sentencing, Iluonokhalumhe was eventually granted bail and placed on home confinement. He was not successful. He consistently left his home for short periods without approval from his probation officer and failed to respond to the officer's texts to let her know where he was. When granted leave, he often returned home several hours late. All told, he could not account for his whereabouts for more than 12 hours in a two-week period, so the District Court revoked his bail and advanced his sentencing hearing to July 19, 2018.

On the eve of sentencing, Iluonokhalumhe filed a motion to dismiss his revocation proceedings, arguing that "[d]ue to the unreasonable amount of time it has taken to reach this court date and due to his (second) admission into the Essex County Superior Drug Court program … this court should dismiss this case and allow him to continue his participation in the state drug court program." App. 118. The sentencing hearing began as scheduled but, because of Iluonokhalumhe's growing agitation during that hearing and

3

the need to receive testimony from the probation officer, had to be continued until August 8, 2018.

At the continued sentencing hearing, the District Court denied Iluonokhalumhe's motion to dismiss for delay after finding that any delay had inured to his benefit. For example, because Iluonokhalumhe had followed the rules (for a time) while awaiting his revocation and sentencing hearings, the District Court had chosen not to impose an upward departure, which may have otherwise been warranted. Instead, the Court sentenced Iluonokhalumhe to 14 months' imprisonment, consecutive to any federal or state sentence of imprisonment then being served by him, followed by 24 months of supervised release. Iluonokhalumhe timely appealed.

## II

The District Court had subject matter jurisdiction over the underlying case under 18 U.S.C. § 3231 and jurisdiction over the revocation of supervised release under 18 U.S.C. § 3583(e). We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III

Iluonokhalumhe raises three challenges on appeal. First, he asserts that he was entitled to dismissal of his case under 18 U.S.C. § 3583(i) and Rule 32.1 due to unreasonable delays in the proceedings. Second, he claims that the consecutive sentence imposed by the District Court upon his revocation was illegal under U.S.S.G. § 7B1.3(f).

4

Third, he claims that the District Court abused its sentencing discretion. We will address each argument in turn.

A

Iluonokhalumhe first argues that he was entitled to dismissal of this case due to unreasonable delays in the proceedings. There were two potential delays alleged here: (1) the delay between the revocation of Iluonokhalumhe's supervised release and his sentencing hearing and (2) the delay between the filing of the violation allegations and the revocation hearing. After reviewing the record, we find no unreasonable delay in this case.

To determine whether delays in revocation proceedings or sentencing were unreasonable under § 3583(i), we apply a similar framework to the one adopted by the Supreme Court of the United States in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), considering (1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, (4) any prejudice suffered by the defendant, and (5) the reason why the defendant was in custody. *United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004).

The District Court revoked Iluonokhalumhe's supervised release on April 23, 2018. His sentencing hearing began on July 19 and concluded on August 8. As a threshold matter, we find that this brief passage of time is insufficient to trigger the *Wingo* analysis. *See Doggett v. United States*, 505 U.S. 647, 651–52 (1992). Short delays like this between adjudication and sentencing are common and not unreasonable. Even were we to apply the *Wingo* analysis, Iluonokhalumhe's claim would still fail. First, the

5

delay was attributable to him. Though the Government was prepared to move directly to sentencing, Iluonokhalumhe requested and was granted a 90-day continuance. Then, in the middle of sentencing, the hearing was continued again to allow Iluonokhalumhe to challenge some of the Government's evidence and give him a chance to settle down. Second, though Iluonokhalumhe asserted his right to a speedy sentencing, he did not do so until July 18, 2018, on the eve of sentencing. And that sentencing hearing had already been advanced by almost a month from its original date. Third, Iluonokhalumhe failed to show that he suffered any prejudice from this delay.

Iluonokhalumhe also claims that he preserved a challenge to the delays preceding his revocation hearing. On March 3, 2016, the District Court issued an arrest warrant for Iluonokhalumhe based on allegations that he had violated his supervised release by, among other things, committing new crimes in New Jersey. Iluonokhalumhe's revocation hearing took place on April 23, 2018, more than two years later. That was a delay, but not an unreasonable one.

First, the delay was reasonable because the court and parties were awaiting the resolution of criminal charges in New Jersey. Those charges were resolved on March 28, 2018, when a state court entered a judgment of conviction against Iluonokhalumhe. The revocation hearing was then held within four weeks. When the adjudication of state charges may be relevant to the revocation proceedings, it is reasonable for a district court to postpone the revocation hearing until after the adjudication of those charges. *Poellnitz*, 372 F.3d at 571. Here, the probation office alleged that Iluonokhalumhe violated the

6

conditions of his supervised release by committing new crimes in New Jersey; resolution of the state charges was thus highly relevant to the revocation proceedings.

Second, Iluonokhalumhe never asserted his right to a speedy revocation hearing. Although he moved to dismiss the violation allegations in February 2017, and later renewed that motion in December 2017, neither of those motions mentioned delay as a basis for dismissal. Rather, Iluonokhalumhe claimed he was now complying with two of the violated conditions and that the third (his new crimes) would be sufficiently addressed at the state level. In fact, the first time Iluonokhalumhe mentioned delay as a basis for dismissal appears to have been his July 18 motion referenced above.

Third, though he asserted prejudice, Iluonokhalumhe failed to present evidence showing that he was prejudiced by the delay. Indeed, the delay benefited Iluonokhalumhe by allowing him to demonstrate good behavior that ultimately spared him from an upward departure.

In sum, the delay between the notice of violation and the revocation hearing was reasonable.

B

After revoking Iluonokhalumhe's supervised release, the District Court sentenced him to 14 months' imprisonment for his violations. At sentencing, the District Court pronounced that "[t]he term of imprisonment imposed by this judgment will run consecutive to imprisonment under any previous state or federal sentence." App. 251.

Iluonokhalumhe argues that the District Court violated the Sentencing Guidelines by imposing this consecutive sentence. We disagree.

We exercise plenary review over interpretations of the Sentencing Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). By its plain language, the Guideline that Iluonokhalumhe cites directs the opposite of what he claims. It provides:

> Any term of imprisonment imposed upon the revocation of probation or supervised release *shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving*, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S.S.G. § 7B1.3(f) (emphasis added). The District Court did not err by doing exactly what the Guidelines instructed it to do.[1]

Iluonokhalumhe notes that he was not serving a sentence of imprisonment at the state or federal level when the District Court pronounced his sentence. But that simply shows that, even assuming error, he suffered no prejudice. When a sentence is imposed consecutive to a sentence of zero, the consecutive sentence simply begins to run immediately. Iluonokhalumhe has not shown that the District Court erred by imposing a consecutive sentence consistent with the Guidelines.

C

Finally, Iluonokhalumhe argues that the District Court abused its discretion by sentencing him to prison for 14 months. Provided it is procedurally sound, a sentence is substantively reasonable "unless no reasonable sentencing court would have imposed the

---

[1] Moreover, the Sentencing Guidelines are merely advisory, not mandatory. *United States v. Booker*, 543 U.S. 220 (2005).

same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc). Iluonokhalumhe has not identified any procedural infirmity on appeal, nor do we perceive any in the record. Based on Iluonokhalumhe's criminal record, violations of his supervised release, and many violations of the conditions of his bail pending sentencing, we cannot say that the District Court's 14-month sentence was unreasonable. Iluonokhalumhe, therefore, has failed to show an abuse of the District Court's sentencing discretion.

IV

Finding no error by the District Court, we will affirm its order of revocation and sentence.